UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEREMY and DEBRA BACHMAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 3:10-CV-461-JD |
| ) | |
| AMCO INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Before the Court is the Motion to Strike [DE 31] filed by Plaintiffs Jeremy and Debra Bachman, to which Defendant AMCO Insurance Company responded [DE 33, 34]. For the reasons discussed below, Plaintiffs' Motion to Strike is DENIED.

## BACKGROUND

Defendant named Robert J. Connelly as an expert witness in this matter and served its timely Federal Rule of Civil Procedure 26(a)(2)(B) expert disclosure on Plaintiffs on February 16, 2012. This disclosure included Mr. Connelly's opinion, curriculum vitae, and statement of compensation [DE 31, Ex. A]. However, Mr. Connelly's curriculum vitae admittedly did not list with specificity his expert trial and deposition testimony given in the past four years, as required under Rule 26(a)(2)(B)(v).

On February 28, 2012, counsel for Plaintiffs sent counsel for Defendant a request for a list of Mr. Connelly's prior trial and deposition testimony, which stated in part, "please provide this required disclosure at your earliest convenience." [DE 31, Ex. B]. Counsel then communicated via telephone and email in early March 2012, but no concern or urgency for the trial and deposition case list was expressed by Plaintiffs' counsel during the conversations [DE

34 at 2].

On March 16, 2012, Plaintiffs filed the instant Motion to Strike, stating they were prejudiced in their "ability to evaluate any bias and [Mr. Connelly's] experience in the types of goods involved in the subject case," and thus, the Defendant should not be allowed to use the witness to supply evidence at trial under Rule 37(c)(1) [DE 31 at 2-3]. Defendant responded on March 27, 2012, by sending Mr. Connelly's preliminary case list supplement to Plaintiffs. On March 28, 2012, Defendant provided Plaintiffs a final supplement with the case list for Mr. Connelly's prior testimony for the past four years [DE 33-1, Ex. A].

## DISCUSSION

Federal Rule of Civil Procedure 26(a)(2)(B)(v) requires that "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition" be included in the expert witness's report. The Seventh Circuit has held that under Federal Rule of Civil Procedure 37(c)(1) "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either [substantially] justified or harmless." *Salgado by Salgado v. GMC,* 150 F.3d 735, 742 (7th Cir. 1998) (citing *Finley v. Marathon Oil Co.,* 75 F.3d 1225, 1230 (7th Cir. 1996)); Fed. R. Civ. P. 37(c)(1).

"[T]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (citing *Mid-America Tablewares Inc., v. Mogi Trading Co., Ltd.,* 100 F.3d 1353, 1363 (7th Cir. 1996)). Delay of disclosure is harmless when it does not prejudice the opposing party. *See Mid-America Tablewares Inc.,* 100 F.3d at 1363 (delayed disclosures were found harmless where they did not interfere with the other party's ability to prepare for a

deposition or to allow the other party's expert to formulate an opinion on the case); *Finley,* 75 F.3d at 1231 (disclosure only days before trial was not harmless as heavy burden was placed on other party to meet new evidence with its own experts' analysis). The trial court need not make explicit findings regarding a justification or the harmlessness of the Rule 26 violation, but the Seventh Circuit has indicated that the following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Caterpillar, Inc.*, 324 F.3d at 857 (citations omitted). All of these factors weigh in favor of allowing Defendant's expert witness to testify in this case.

In the instant case, Plaintiffs knew about the Defendant's intent to hire Mr. Connelly as an expert, and thereafter, Defendant acknowledged its mistake in not *fully* complying with Rule 26 in disclosing its expert's prior testimony. The Court accepts Defendant's admission that the error was inadvertent as once the error was discovered, Defendant supplemented its original expert report with the missing case list only one month after Plaintiffs requested that it be submitted at Defendant's "earliest convenience." By late March (after the full disclosure), Plaintiffs still had not requested to depose Mr. Connelly, and to date, Plaintiffs have not shown that their expert has been impacted in his ability to formulate an opinion (in fact, their expert's report has already been submitted). Mr. Connelly did not offer any evidence in support of the summary judgment motion (which was recently denied) and a trial date has yet to be set (although it is anticipated that the trial date will be set during the November 8 telephonic scheduling conference). In short, Plaintiffs claims of not being able to evaluate any bias and

experience of Mr. Connelly is without record support given the Defendant's compliance with the Rule long before any trial.  Plaintiffs have not been prejudiced due to the short delay in full disclosure and Defendant has shown that its violation of Rule 26(a) was harmless.

## CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Strike is DENIED [DE 31].

SO ORDERED.

ENTERED:  October 30, 2012

       /s/ JON E. DEGUILIO
Judge
United States District Court